**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL STOPKA, MARILYN STOPKA, ) <br> and CHATEAU ARLINGTON, LLC ) <br> ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> AMERICAN FAMILY MUTUAL INSURANCE ) <br> COMPANY, INC. a Wisconsin Corporation, ) <br> ) <br> Defendant. ) | Case No. 10-cv-6034 <br> Honorable John W. Darrah <br> Magistrate Martin C. Ashman <br><br> **JURY DEMANDED** |

**PLAINTIFFS' REPLY IN SUPPORT OF SECOND MOTION
TO COMPEL AND FOR SANCTIONS**

Plaintiffs Michael Stopka and Marilyn Stopka ("Plaintiffs") by their attorneys Steven D. Pearson and Christopher S. Hennessy of Meckler Bulger Tilson Marick & Pearson, LLP, for their Reply in Support of Plaintiffs' Second Motion to Compel and for Sanctions against defendant American Family Mutual Insurance Company, Inc. ("American Family"), state as follows:

**I.     ARGUMENT**

American Family's Response (Doc. #66, "Response") merely highlights the depth of how fundamentally the parties disagree on whether American Family is in compliance with its discovery obligations. Indeed, according to American Family, the parties even have a basic disagreement on how to read the testimony of American Family's 30(b)(6) witness. (Resp. at 4). In light of all that has transpired to date with respect to discovery, and the fact that this Court has previously acknowledged American Family's shortcomings (Doc. #57), these fundamental disagreements between the parties require this Court's continued intervention.

Contrary to how American Family wishes to portray the issues raised in Plaintiffs'

Second Motion to Compel and for Sanctions ("Second Motion"), they most assuredly are not "new issues" (Resp. at 2) and do not involve "new requests" (Resp. at 4). The issue of American Family's document production -- and the completeness of its discovery generally -- has been the focus of in-person, telephone, and email communications, a Local Rule 37.2 "meet and confer" as identified in Plaintiff's [First] Motion to Compel (Doc. #37), a hearing before this Court (Doc. #65, Transcript of Proceedings of June 29, 2011), a Rule 30(b)(6) deposition (Doc. #63-1, Transcript of Deposition), and an email exchange which preceded this Motion (Doc. #66-1, 66-2, 66-3). As this Court noted in Oleksy v. General Electric Co., No. 06-cv-1245, 2011 WL 3471016 (N.D. Ill., Aug. 8, 2011):

> If the parties have not resolved all of their differences in the course of their previous discussions, they are unlikely to do so at this point if the Court delays considering the merits of [the motion to compel].

Oleksy, 2011 WL 3471016, at *2.

As such, American Family's protestations regarding not being afforded an opportunity to "investigate" its own shortcomings are not made in good faith or American Family would not have waited for a threatened motion before doing so. It is merely an attempt by American Family to delay a proper and timely ruling by this Court. The parties have repeatedly communicated regarding discovery, and American Family's intransigence has only grown deeper. This Court should consider Plaintiffs' Second Motion on the merits, and should both compel American Family as set forth in that Motion, and also enter an award of sanctions in favor of Plaintiffs for what can only be reasonably described as American Family's abuse of the discovery process.

    A.    <u>**American Family's Statements Simply Cannot Be Believed**</u>

The statement "American Family has produced all responsive documents" (Resp. at 4) defied logic when it was first offered, and now lacks any shred of credibility as American

Family's 30(b)(6) witness in charge of searching for responsive documents openly conceded that the search was incomplete. American Family's 30(b)(6) witness testified that the scope of the search conducted was dictated not by a review of Plaintiffs' Requests for Production (Doc. #63-1 at Deposition p. 8) but by American Family's Claims Legal department. (Doc. #63-1 at Dep. pp. 9-10, 80), and conceded that search did not include all ESI (Doc. #63-1 at Dep. p. 75).

Despite this clear testimony, American Family has again paraded out its tired refrain that it "has produced all responsive documents." (Resp. at 4). This statement is as hollow now as it was when first offered, made more so by the 30(b)(6) deposition. American Family can hardly state that it has <u>produced</u> all documents when its 30(b)(6) witness admits that American Family has not even <u>searched</u> for all such documents. (Doc. #63-1 at Dep. p. 75). In addition, American Family's 30(b)(6) witness clearly testified that American Family is in possession of ESI that American Family has never previously identified, much less produced, including the hard drive from the laptop of Gerry Hayes (Doc. #63-1 at Dep. p. 59), a "CD containing all correspondence for this case" (Doc. #63-2 at Dep. Ex. 6 p. 4), an electronic copy of ESI obtained from the laptop of Mr. Hayes (Doc. #63-1 at Dep. p. 26), and both a CD and a DVD containing data resulting from searches performed on email of Mr. Hayes. (Doc. #63-2 at Dep. Ex. 6 pp. 3, 4).

A perfect example of the absolute failure not only of American Family's 30(b)(6) witness to be fully prepared for deposition but also of the gaping holes created by American Family's admittedly incomplete search is an email contained in Group Exhibit 5 to the deposition. (Doc. #63-2 at Page ID #585). This email exchange between American Family employees James R. Saletri and Jim R. Andersen -- two names which appear on Plaintiffs' 30(b)(6) Notice (Doc. #63-1 at Page ID #553) -- clearly contains information about an American Family internal review of the fire at the Stopka residence and is obviously relevant. As American Family acknowledged,

the email is neither from nor to Mr. Hayes, and the claim number is not included in the subject line. (Doc. #63-1 at Dep. p. 45). At the deposition, American Family admitted that the "search" it conducted would not have located this or any similar emails because the search it conducted did not include the email of anyone but Mr. Hayes and was limited to the claim number assigned to the Stopka loss. (Doc. #63-1 at Dep. p. 46-47). Furthermore, American Family's 30(b)(6) witness could not even identify where this email was saved. (Doc. #63-1 at Dep. p. 47). These facts hardly inspire confidence that "no other documents exist." (Resp. at 4).

      B.      **American Family's Belated Claim Of Privilege Is Insufficient**

American Family also raised a belated claim of privilege over internal American Family communications (Doc. #63-1 at Dep. pp. 9, 12-13), arguing now that Plaintiffs are seeking a "broad scope of electronic documents that are potentially subject to privilege." (Resp. at 3). These protestations are too little, too late, and directly contradict American Family's repeated prior assertions that "No documents have been withheld; there is no privilege log." (Doc. #49 at 1-2). American Family has clearly withheld documents, and not merely the internal communications between Ms. Basch and the Claims Legal Department (Doc. #63-1 at Dep. p. 12). A party cannot withhold documents "based merely on its own decision that a privilege exists." Buonauro v. City of Berwyn, No. 08 C 6687, 2011 WL 3754820, at *8 (N.D. Ill., Aug. 25, 2011). The federal rules require a "timely and accurate privilege log," and the failure to provide an adequate privilege log "may result in a waiver of any protection from discovery." Id. (internal citations omitted).

American Family has not complied with these requirements. It previously claimed that privilege documents did not exist. Plaintiff deposed American Family's 30(b)(6) designee most knowledgeable about American Family's search for responsive documents and American Family

4

now claims that it needs time to evaluate "a broad scope of electronic documents" that are "potentially subject to privilege." (Resp. at 3). In addition, during the 30(b)(6) deposition, American Family for the first time asserted that certain written communications were privileged, yet cannot even agree to provide a privilege log at a minimum. American Family should be ordered to provide a comprehensive privilege log over all communications as well as the documents for *in camera* review.

### C. American Family Destroyed Electronic Evidence

Conspicuously absent from American Family's Response is any discussion, argument, or explanation regarding its admitted failure to "suspend its ordinary policies governing how information is retained" and to timely place a litigation hold on ESI. Considering how narrow American Family conducted its search, it is unclear from the testimony of its 30(b)(6) witness whether ESI within American Family apart from email from or to Mr. Hayes is still subject to its "ordinary policy" of deletion after 60 days. American Family's 30(b)(6) witness assuredly could not speak to the scope of any hold request. (Doc. #63-1 at Dep. pp. 39-40).

Absent any response from American Family on the issue, it apparently has been conceded to this Court that American Family destroyed electronic evidence long after the time that litigation was imminent. Based upon the present record, Plaintiffs are entitled to both sanctions and an adverse inference regarding American Family's conduct in this regard.

### D. American Family's Protestations Regarding The Timeliness Of Plaintiffs' Second Motion Are Wholly Misleading

American Family suggests that the discovery issues raised in Plaintiffs' Second Motion are somehow "new" (Resp. at 2-4), in support of its assertion that the parties have not conducted the necessary "meet and confer." (Resp. at 2). American Family's attempts to cloak itself in the rules "designed to facilitate cooperation" are wholly disingenuous, particularly given how

5

American Family has conducted itself in the production of documents and in the preparation of its 30(b)(6) witness.

American Family also ignores the obvious fact that Plaintiffs' Second Motion is an extension of the same issues raised in Plaintiffs' First Motion (Doc. #37), only now exacerbated by the testimony of American Family's own witness. Plaintiffs' First Motion unquestionably contained a certificate of compliance with Local Rule 37.2 (Doc. #37 at 1), and American Family has taken an even more defiant position with respect to discovery since the failed "meet and confer" which preceded that motion. Plaintiffs have done nothing but make reasonable efforts to resolve their discovery differences, both before and after the deposition of the 30(b)(6) witness. In addition, as noted in the exhibits to American Family's Response (Doc. #66-1, 66-2, 66-3), Plaintiffs offered American Family the opportunity to cure the glaring defects in its production, an offer that was met with delay, and ultimately scorn. (Doc. #66-2; "I completely disagree with your representation of Ms. Basch's deposition … Ms. Basch and her team did not perform the only search for records in this matter - a question that you neglected to ask during the several hour long deposition."); (Resp. at 4; "Plaintiffs' counsel's email demonstrates a misunderstanding of Ms. Basch's deposition testimony.")

Furthermore, the "doctrine of futility" applies to Local Rule 37.2, and in particular applies here given the chasm that exists between American Family's view of the world as respects its discovery obligations and what in fact constitutes proper compliance. <u>Finwall v. City of Chicago</u>, 239 F.R.D. 494, 500 (N.D. Ill. 2006).[1] In light of the position that American Family has repeatedly articulated, an additional "meet and confer" on the completeness of document

---

[1] "The argument that having failed to consult with them before filing their [discovery motion] precludes consideration of the motion is a *non sequitur* and calls to mind 'George Jacques Danton's famous phrase - *l'audace, encore de l'audace, toujours de l'audace* (audacity, more audacity, always audacity)'." <u>Finwall</u>, 239 F.R.D. at 500 (internal citations omitted).

production would be the definition of futility. American Family has given no indication at any time that it intends to deviate from its avoid and obfuscate strategy. Simply saying that "American Family has produced all responsive documents and explained to the Plaintiffs that no other documents exist" is simply non-responsive in the face of the current record. (Resp. at 4).

Nonetheless, even if this Court were to construe Plaintiffs' Second Motion as somehow technically non-compliant, this Court has discretion -- as it exercised in <u>Oleksy v. General Electric</u> -- to determine whether to consider the merits of Plaintiffs' Second Motion in light of the current posture of discovery. <u>Oleksy</u>, 2011 WL 3471016, at *2; <u>Mintel Int'l Group, Ltd. v. Neerghen</u>, No. 08 cv 3939, 2008 WL 4936745, at *1 (N.D. Ill., Nov. 17, 2008) ("Despite Plaintiff's failings this Court will exercise its discretion and consider the motion [to compel and for sanctions] even though the motion could have been denied for failure to comply with the 'meet and confer' rules."); <u>See</u> also, <u>Continental Coal, Inc. v. Cunningham</u>, No. Civ. A 06-2122, 2007 WL 4241848, at *2 (D. Kan., Nov. 28, 2007) (In assessing a local rule similar in scope to Rule 37.2, finding that parties had adequately conferred after exchanging e-mail discussing the dispute, and the court determining that counsel held "drastically different views" regarding the discovery issue).

This discretion is particularly appropriate where, according to American Family, the parties cannot even agree on what is contained in a deposition transcript (Resp. at 4; Doc. #66-2; Doc. #66-3). As was the case in <u>Continental Coal</u>, the parties here could hardly have more "drastically different views" concerning whether American Family's claimed "search" for documents and ESI is sufficient under the Rules, the impact of American Family's clear destruction of electronic evidence, and whether American Family's belated claim of privilege is appropriate. American Family's Response offers nothing to suggest that these differences could

7

be resolved absent this Court's intervention. If anything, American Family's Response -- and its inclusion of American Family's tired refrain -- actually highlights the need for this Court's involvement.

## IV. **CONCLUSION**

American Family is apparently content to bury its head in the sand and ignore its clear obligations under the federal rules. Its conduct constitutes an abuse of the discovery process, and its Response offers nothing of substance to address its myriad deficiencies. Plaintiffs have been and continue to be prejudiced in their ability to properly develop facts in support of their case. An order compelling compliance, and for monetary sanctions, is both warranted and necessary.

WHEREFORE, plaintiffs Michael Stopka and Marilyn Stopka request that this Court enter an Order to compel and for sanctions against American Family, including awarding Plaintiffs the reasonable fees and costs incurred in bringing this Motion, and granting Plaintiffs such other and further relief as this Court deems just and proper.

                                                          Respectfully submitted,

                                                          /s/ Christopher S. Hennessy
                                                     One of the attorneys for Plaintiffs

Steven D. Pearson (6190506) (steven.pearson@mbtlaw.com)
Christopher S. Hennessy (6237293) (christopher.hennessy@mbtlaw.com)
MECKLER BULGER TILSON MARICK & PEARSON LLP
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone:    (312) 474-7900
Facsimile:    (312) 474-7898

M:\14185\pleading\Reply2dMTC.doc