UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL STOPKA; MARILYN STOPKA; and CHATEAU ARLINGTON, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE CO., INC.,<br><br>Defendant. | Case No. 10 C 6034<br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

On March 1, 2011, Plaintiffs Michael and Marilyn Stopka and Chateau Arlington, LLC, filed a Second Amended Complaint against American Family Mutual Insurance Co., Inc, ("American Family"), alleging claims for breach of contract (Count I), negligence (Count II), declaratory judgment (Count IV), and promissory estoppel (Count V). Before the Court is American Family's Motion to Dismiss Plaintiffs' Second Amended Complaint.

### BACKGROUND

The following facts are drawn from Plaintiffs' Second Amended Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

On September 29, 2003, Chateau Arlington, LLC, in which the Stopkas are sole members, obtained the title to a single-family home located at 10 Goose Lake Drive, Barrington Hills, Illinois (the "Property"). (Sec. Am. Compl. ¶ 10.) The Stopkas made plans to demolish the single-family home and construct a new single-family home. (*Id.* ¶ 11.) In late 2006, Chateau Arlington, LLC entered into a contract with Augustine Custom Homes, Inc. ("Augustine") for the construction of a 6,000-plus square-foot home (the "Residence") on the Property. (*Id.* ¶ 12.) Augustine subsequently entered into a subcontract agreement with Complete Flashings, Inc. ("Complete Flashings") to complete portions of the construction of the Residence. (*Id.* ¶ 13.) On September 10, 2008, while working in an area adjacent to the roof, an employee of Complete Flashings started a fire while using a blow torch. (*Id.* ¶ 16.) The fire spread and caused significant damage to the Residence's roof and upper floors. (*Id.* ¶¶ 19-20.)

American Family issued a liability policy to Complete Flashings, which has a combined per-occurrence limit of $2,000,000. (*Id.* ¶ 23.) The policy covered the time period during which the fire occurred. (*Id.* ¶ 22.)

After the fire, an agent for American Family, Gerald Hayes, communicated directly with the Stopkas and their accountant, Jerry Wolowicki. (*Id.* ¶ 24.) On September 11, 2008, Hayes met with the Stopkas and Wolowicki and advised them that "American Family would direct and control the remediation process and do what was necessary to restore the home to its pre-fire condition." (*Id.* ¶ 25, *see also* ¶ 48 ("Mr. Hayes promised the Plaintiffs that American Family would return the home to the condition it was in 'five minutes before the fire started.'").) The Stopkas allege that

according to American Family's "own contemporaneous internal documents," Mr. Hayes "took control of the claim" based on the "clear liability" of Complete Flashings and agreed to "'pay the loss'" suffered by the Stopkas. (*Id.* ¶¶ 26-27.)

Within a day of the fire, American Family retained a contractor to have a temporary roof installed over the fire-damaged area. (*Id.* ¶ 28.) Mr. Hayes retained a general contractor and engineer to complete post-fire inspection, remediation, and construction on the Residence. (*Id.*) This remediation work took place from mid-September to early-November 2008, at which point Augustine resumed control over the construction site. (*Id.* ¶ 31.) American Family also retained Environmental Group Services, Ltd. ("EGSL") to conduct indoor air quality surveys. (*Id.* ¶ 34.) On September 25, 2009, EGSL issued a report, stating that the air within the residence "should not be a concern." (*Id.* ¶ 35.) The Stopkas allege that EGSL did not investigate (nor did American Family direct the investigation of) the presence of soot, char, and odor caused by the burning of building materials during the fire. (*Id.* ¶ 35-36.)

Subsequently, the Stopkas continued to notice problems within the Residence, including the smell of smoke in certain rooms. (*Id.* ¶ 37.) The Stopkas retained Forensic Analytical Consulting Services ("FACS") to conduct an investigation of the environmental health conditions of the Residence. (*Id.* ¶ 38.) On May 10, 2010, FACS issued a report, which concluded that the prior remediation work was not conducted properly and that additional investigation and remedial work was necessary. (*Id.* ¶ 39.) The Stopkas allege that they have already incurred in excess of $650,000 in repairing the

Residence, which does not include expenses for the completion of additional investigation and remedial work that FACS's report recommended.

The Stopkas filed their Complaint on September 22, 2010. (Dkt. No. 1.) American Family challenged one of the claims, which the Stopkas voluntarily dismissed. (Dkt. No. 17.) On December 14, 2010, the Stopkas filed a First Amended Complaint. (Dkt. No. 18.) American Family filed a motion to dismiss, which the Court granted on January 18, 2011, without prejudice and with leave to re-file a Seconded Amended Complaint. (Dkt. No. 23.)

## LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone*, 483 F.3d 454, 458 (7th Cir. 2007). Under the federal notice pleading standards, "a plaintiff's complaint need only provide a short and plain statement of the claim showing that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal quotations omitted). When considering a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff; all well-pleaded factual allegations are accepted as true, and all reasonable inferences are construed in the plaintiff's favor. *Id.* However, a complaint must allege "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) (*Twombly*). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*Iqbal*). Thus, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the legal theory alleged. *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 803 (7th Cir. 2008).

## ANALYSIS

### *Breach of Contract (Count I)*

The Stopkas allege that there is an oral contract between American Family and the Stopkas, under which American Family agreed to restore the Residence to its pre-fire condition. (*See* Sec. Am. Compl. ¶¶ 46-48.) The Stopkas further allege that American Family breached this oral contract when it failed to properly complete the remediation work. (*Id.* ¶ 49.)

Under Illinois law, "to properly plead a cause of action for breach of contract, a plaintiff must allege the essential elements, which are: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of the contract by the defendant; and (4) resultant injury to the plaintiff." *Gonzalzles v. Am. Exp. Credit Corp.*, 733 N.E.2d 345, 351 (Ill. App. Ct. 2000). Because the parties did not enter into a written contract, the Stopkas must also prove an oral contract with American Family. "For an oral contract to exist, the parties must have had a meeting of the minds with respect to the terms of the agreement and must have intended to be bound to the oral agreement." *Podolsky v. Alma Energy Corp.*, 143 F.3d 364, 369 (7th Cir. 1998). "Oral agreements are binding so long as there is an offer, an acceptance, and a meeting of the

5

minds regarding the terms of the agreement." *Leavell v. Dep't of Natural Res.*, 923 N.E.2d 829, 841 (Ill. App. Ct. 2010).

American Family launches three attacks against the Stopkas' breach of contract claim: failure to adequately plead a meeting of the minds, consideration for the oral contract, or Plaintiffs' performance. (Mot. at 5.) At this stage of litigation, the Stopkas have adequately demonstrated an offer, an acceptance, and a meeting of the minds between them and American Family. The Stopkas plead that after the fire, "American Family made an offer to the Plaintiffs to direct and control the remediation efforts to restore the Residence." (Sec. Am. Compl. ¶ 46.) They also allege that the Stopkas "accepted the offer of American Family based solely on the representations of American Family that the Residence, would, in fact, be returned to its pre-fire condition." (*Id.* ¶ 47.) In addition, the Stopkas have also adequately pled there was a meeting of the minds sufficient to survive a motion to dismiss. American Family argues that the Stopkas' allegations demonstrate that the parties did not have a "clear understanding regarding the scope of the work allegedly agreed by American Family." (Mot. at 5.) To the contrary, the Stopkas' allegations that Mr. Hayes agreed to restore the Residence to its pre-fire condition is sufficient to demonstrate that the parties had an understanding of the scope of American Family's obligations.

Next, American Family argues that the Stopkas did not suffer a detriment sufficient to support consideration because they ultimately filed a lawsuit. This argument

is unavailing.[1] Under Illinois law, "[a]ny act or promise that benefits one party or disadvantages the other is sufficient consideration to support the formation of a contract." *Kalis v. Colgate-Palmolive Co.*, 787 N.E.2d 182, 183 (Ill. App. Ct. 2003) (*Kalis*). Illinois courts hold that, "a promise to forego pursuit of a legal claim will be determined to be adequate consideration to support formation of a contract even if the claim is invalid, provided that it is asserted in good faith." *Cincinnati Ins. Co. v. Am. Hardware Mfrs. Ass'n*, 898 N.E.2d 216, 230, 325 (Ill. App. Ct. 2008); *cf. Kalis*, 787 N.E.2d at 183-84 (holding that promise to forego right to seek reconsideration of summary judgment and right to appeal provided sufficient consideration for settlement agreement.). Therefore, the Stopkas' decision to forego filing a lawsuit is sufficient consideration for the oral contract.

That the Stopkas ultimately filed the instant lawsuit against American Family does not undermine this consideration. Viewing the facts in the light most favorable to the Stopkas, American Family's breach of the oral contract relieved them of their obligation to continue to forego their right to file a lawsuit.
*William Blair and Co., LLC v. FI Liq. Corp.*, 830 N.E.2d 760, 779 (Ill. App. Ct. 2005) ("Under general contract principles, only a material breach of a contract provision by one party will justify nonperformance by the other.").

---

[1] In its reply brief, American Family argues for the first time that the Stopkas have failed to plead that their decision to forego legal action was bargained for. "Arguments raised for the first time in a reply brief are waived." *James v. Sheahan*, 137 F.3d 1003, 1008 (7th Cir.1998); *Wright v. United States*, 139 F.3d 551, 552 (7th Cir. 1998) ("The reason for this rule of waiver is that a reply brief containing new theories deprives the respondent of an opportunity to brief those new issues.").

7

Last, American Family's argument that the Stopkas failed to plead performance under the contract is unpersuasive in light of the above discussion. By not filing the instant lawsuit until the alleged breach, the Stopkas have also sufficiently pled adequate performance under the oral contract.

*Promissory Estoppel (Count IV)*

In the alternative to their breach-of-contract claim, the Stopkas bring a claim for promissory estoppel. (Sec. Am. Compl. ¶¶ 66-73.) Although the Court has held that the Stopkas have pled facts sufficient to support a claim for breach of contract, they are permitted to alternatively plead a claim for promissory estoppel. *See* Fed. R. Civ. P. 8(c); *see, e.g., Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 397 (7th Cir. 2003).

The elements of a promissory estoppel claim are: (1) an unambiguous promise, (2) upon which plaintiff relied to his detriment, (3) in a way that was expected and foreseeable. *See Quake Constr., Inc. v. Am. Airlines, Inc.*, 565 N.E.2d 990, 1004 (Ill. 1990). American Family argues that the Stopkas' allegations fail to demonstrate that the alleged promise was unambiguous. (Mot. at 6.) When viewed in the light most favorable to the Stopkas, their allegations demonstrate otherwise. (*See* Sec. Am. Compl. ¶¶ 26-27, 46, 68-69 (alleging that American Family promised the Stopkas their home would be returned to the condition it was in before the fire).) *Cf. Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998) (holding that plaintiff who was orally promised an ownership interest in a restaurant could recover damages under theory of promissory estoppel even though exact terms of agreement were uncertain).

However, American Family contends that the promise to "return the Residence to the condition it was in 'five minutes before the fire started'" and its "pre-fire condition" is ambiguous. (Reply at 6-7.) Making its appearance for the first time in its reply, American Family cites, *Givon v. PPG Indus., Inc.*, No. 99-3973, 2000 WL 1681081, at *3 (7th Cir. Nov. 7, 2000), in support of its argument. American Family's reliance on this case is in direct contravention of Circuit Rule 32.1 and is therefore not addressed. U.S. Court of Appeals for the Seventh Cir. Rule 32.1 ("No order of this court issued before January 1, 2007, may be cited except to support a claim of preclusion (res judicata or collateral estoppel) or to establish the law of the case from an earlier appeal in the same proceeding.").

At this stage of litigation, the Stopkas have pled "enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting their claim for promissory estoppel. *See Twombly*, 550 U.S. at 556.

*Negligence (Count II) and Declaratory Judgment (Count III)*

American Family argues that "the absence of the essential elements of a contract also effectively foreclose Plaintiffs' claims for negligence . . . and declaratory judgment." (Mot. at 7.) This unsupported, conclusory argument is unpersuasive to show that the Stopkas fail to state claims pursuant to Rule 12(b)(6). *See Crandall v. Hard Rock Cafe Int'l Chicago, Inc*, No. 99 C 6094, 1999 WL 1285864, at *4 (N.D. Ill. Dec. 30, 1999) ("As the movant of a motion to dismiss, Hard Rock bears the burden of demonstrating that as a matter of law the complaint fails to state a claim.").

9

## CONCLUSION

For the reasons set forth above, American Family's Motion to Dismiss Plaintiffs' Second Amended Complaint [54] is denied.

Date: 9-22-11

JOHN W. DARRAH
United States District Court Judge