**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL STOPKA, MARILYN STOPKA, and CHATEAU ARLINGTON, LLC | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 10-cv-6034 |
| | ) | Honorable John W. Darrah |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, INC. a Wisconsin Corporation, | ) ) | Magistrate Martin C. Ashman |
| | ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

Plaintiffs Michael Stopka, Marilyn Stopka, and Chateau Arlington, LLC ("Plaintiffs") by their attorneys Steven D. Pearson and Christopher S. Hennessy of Meckler Bulger Tilson Marick & Pearson, LLP, and pursuant to Federal Rule of Civil Procedure 26(c), request that this Honorable Court enter a Protective Order against defendant American Family Mutual Insurance Company, Inc. ("American Family") with respect to the deposition of Gerald Hayes. Plaintiffs also seek their costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927 (2011). In support of this Motion, Plaintiffs state as follows:

1. In the present case, Plaintiffs have alleged that Gerald Hayes, formerly an adjuster with American Family, made certain promises and representations to them concerning the repair and remediation of their home after a catastrophic fire caused by the negligence of American Family's insured. American Family has denied that such promises and representations were made, essentially arguing that any such promises would have been against American Family's internal policies and procedures.

2. As outlined in Plaintiffs' Third Motion to Compel and to Extend Discovery Deadline (Doc. #82), on January 12, 2012, Plaintiffs learned for the first time -- during the

deposition of Mr. Hayes' supervisor, James Saletri -- that Mr. Hayes was terminated from American Family for violating American Family's internal policies and procedures which purportedly prohibited conduct similar to what Mr. Hayes engaged in after the fire in this case. (Doc. #82 at 3-5).

3.      Plaintiffs immediately and timely sought discovery from American Family regarding the policies and procedures of American Family which led to the termination of Mr. Hayes. This discovery included the deposition of a Rule 30(b)(6) witness or witnesses on the policies applicable to the work of Mr. Hayes and the facts surrounding his termination. (Doc. #82-2, Rule 30(b)(6) Deposition Notice). This discovery also included the deposition of the American Family management representative, Susan Kinate, with whom the termination of Mr. Hayes was coordinated by Mr. Saletri. (Doc. #82-3, Kinate Deposition Notice).

4.      In both instances, Plaintiffs also sought, pursuant to Fed. R. Civ. P. 30, the production of documents and records, including the personnel records of Mr. Hayes, the policies and procedures he allegedly violated, and documentation of American Family regarding the termination. (Doc. #82-2 at Page ID# 865; Doc. #82-3 at Page ID# 869-70).

5.      After American Family refused to produce its witnesses, Plaintiffs filed their Third Motion to Compel and to Extend Discovery Deadline (Doc. #82), seeking to compel the discovery it had issued to American Family, and seeking additional time to complete that discovery beyond the initial close of discovery on January 23, 2012.

6.      On January 26, 2012, this Court granted Plaintiffs' motion and ordered American Family's compliance by February 9, 2012. (Doc. #84). The Court also extended the close of discovery to March 27, 2012. (Ex. A, Transcript of Proceedings of Jan. 26, 2012).

7.      At the same time, the parties were discussing the rescheduling of the deposition of

Mr. Hayes.[1] Plaintiffs proposed that, for the purposes of efficiency and economy, the deposition of Mr. Hayes be set after the parties knew the disposition of Plaintiffs' Third Motion to Compel, as the discovery Plaintiffs sought as outlined in that motion was highly relevant and directly material to the potential testimony of Mr. Hayes. (Ex. B, Email from Pearson to Crowley).

8.      Despite having itself moved for additional time to produce Mr. Hayes for deposition (Doc. #80), American Family not only refused to entertain any such efficient coordination of discovery, but threatened to proceed on its own with the deposition of Mr. Hayes on January 30, 2012, even without Plaintiffs' counsel. (Ex. C, Email from Ruff to Pearson).

9.      Shockingly, American Family's intransigence only increased after this Court granted Plaintiffs' Third Motion to Compel, with American Family demanding that the deposition of Mr. Hayes proceed on a date and time unilaterally selected by American Family, without any attempt to comply with this Court's Order. (Ex. D, Email from Crowley to Pearson).

10.      American Family has attempted to force the deposition of Mr. Hayes to proceed, in an effort to extricate itself from the clear import of this Court's ruling on January 26, and has shown absolutely no willingness to properly and efficiently coordinate the remaining discovery in a manner which avoids annoyance, undue burden, and expense.

11.      As a result of American Family's conduct, Plaintiffs now seek a protective order from this Court, pursuant to Fed. R. Civ. P. 26, regarding the deposition of Gerald Hayes and -- at a minimum -- the production of documents regarding the policies and procedures of American Family and the discipline and termination of Mr. Hayes, as outlined in Plaintiffs' Third Motion to Compel.

---

[1] The depositions of Mr. Hayes had most recently been scheduled for January 13, 2012. On the eve of those depositions, they were unilaterally canceled by American Family due to the purported medical condition of Mr. Hayes.

12.     This Court has broad discretion over the specific terms and conditions of discovery, including over depositions. Fed. R. Civ. P. 26(c)(1)(B); Brasfield v. Source Broadband Services, LLC, 255 F.R.D. 447, 449 (W.D. Tenn. 2008) (Recognizing the court's "broad discretion to designate a time and place for a deposition" and to issue protective orders to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense"). This Court can enter such a protective order "for good cause shown." Fed. R. Civ. P. 26(c)(1).

13.     There is clearly good cause in the present case to coordinate the discovery outlined in Plaintiffs' Third Motion to Compel with the deposition of Mr. Hayes, considering -- as described in detail in that Motion -- the direct relevance of the discovery sought and the high probability that the by-product of that discovery will materially impact the testimony of Mr. Hayes.

14.     By attempting to force the deposition of Mr. Hayes to proceed before complying with the requested discovery, American Family is actually attempting to avoid compliance with this Court's order.

15.     Proceeding in such a manner would be wholly inefficient and nonsensical, potentially forcing Plaintiffs to incur additional costs for a second deposition of Mr. Hayes after American Family's compliance by February 9 as ordered. (Doc. #84).

16.     Furthermore, such tactics are not consistent with the Federal Rules. Inferrera v. Wal-Mart Stores, Inc., No. 11-5675, 2011 WL 6372340, at *1 (D.N.J., Dec. 20, 2011). In that case, the plaintiff sought certain discovery from the defendant before a deposition proceeded. The defendant attempted to withhold the discovery until after the deposition. The court rejected the defendant's attempted gamesmanship and ordered that the discovery be produced, with the deposition to follow thereafter. Id. at *3. According to the court, "[t]his is how the orderly

progression of civil cases has and will proceed." Id. at *2.

17.     What the court rejected is Inferrera is precisely what American Family is attempting here, although in a much more insidious manner.[2] Having its argument rejected that the discovery sought by Plaintiffs was not relevant, American Family seeks to force the deposition of Mr. Hayes before complying with this Court's Order of January 26. This is a transparent effort to delay court-ordered discovery until after the deposition and render this Court's Order meaningless. This is not how the orderly progression of civil cases should proceed.

18.     American Family's unreasonable and vexatious refusals with respect to the discovery this Court ordered and the deposition of Mr. Hayes has now forced Plaintiffs to seek a protective order regarding the deposition of Mr. Hayes. Such conduct by American Family goes beyond the sanctions provided for in Rule 37(b) with respect to discovery.

19.     Under 28 U.S.C. § 1927, "any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

20.     American Family's conduct in discovery has multiplied proceedings before this Court, first requiring Plaintiffs to prepare and present their Third Motion to Compel (Doc. #82), and now requiring Plaintiffs to obtain a protective order regarding the deposition of Mr. Hayes. The unreasonably and vexatious nature of this conduct is plainly evident in the communications of American Family's counsel. (See, e.g., Ex. C, Ex. D).

---

[2] The defendant in Inferrera at least attempted to obtain a protective order over the discovery. American Family has taken no such affirmative steps regarding the documents sought in Plaintiffs' Deposition Notices (Doc. #82-2, Doc. #82-3), despite its clear right to do so pursuant to Rule 37(d)(2). As such, American Family's failure to allow for inspection of those records is not excused.

21.     As such, in addition to a protective order regarding the deposition of Mr. Hayes, Plaintiffs are entitled to an order granting them their costs, expenses, and attorneys' fees reasonably incurred because of the conduct of American Family pursuant to § 1927.

22.     Prior to Plaintiffs filing this motion, Plaintiffs' counsel has conferred with counsel for American Family. The parties have communicated their positions in written correspondence. As is evident from the communications which are exhibits to this Motion, the parties' good faith efforts to resolve their differences have not been successful, and the parties have not been able to reach an accord with respect to their dispute.

WHEREFORE, plaintiffs Michael Stopka, Marilyn Stopka, and Chateau Arlington LLC request that this Court enter 1) a protective order regarding the deposition of Gerald Hayes under Rule 26(c)(1)(B), specifying that the deposition of Mr. Hayes shall proceed after American Family's full compliance with this Court's Order of January 26, 2012 (Doc. #84); 2) an order pursuant to 28 U.S.C. § 1927, granting Plaintiffs their costs, expenses, and attorneys' fees incurred in bringing this Motion; and 3) an order granting Plaintiffs such other and further relief as this Court deems just and proper.

Respectfully submitted,


     /s/ Christopher S. Hennessy
One of the attorneys for Plaintiffs

Steven D. Pearson (6190506) (steven.pearson@mbtlaw.com)
Christopher S. Hennessy (6237293) (christopher.hennessy@mbtlaw.com)
MECKLER BULGER TILSON MARICK & PEARSON LLP
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
Telephone:     (312) 474-7900
Facsimile:     (312) 474-7898

M:\14185\pleading\Mot005sp.doc

6