<pre>
 1                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3
      MICHAEL STOPKA and MARILYN      )
 4    STOPKA,                         )
                                      )
 5                   Plaintiffs,      )
                                      )
 6                                    )   Case No. 10 C 6034
      -vs-                            )
 7                                    )   Chicago, Illinois
                                      )   January 26, 2012
 8    AMERICAN  FAMILY MUTUAL         )   9:30 o'clock a.m.
      INSURANCE COMAPNY, INC., a      )
 9    Wisconsin corporation,          )
                                      )
10                   Defendant.       )

11
                    TRANSCRIPT OF PROCEEDINGS
12            BEFORE THE HONORABLE JOHN W. DARRAH

13    APPEARANCES:

14    For the Plaintiffs:      MECKLER BULGER TILSON MARICK &
                               PEARSON, LLP
15                             BY:  MR. CHRISTOPHER SEAN HENNESSY
                               123 North Wacker Drive
16                             Suite 1800
                               Chicago, Illinois 60606
17
      For the Defendant:       PRETZEL & STOUFFER, CHTD.
18                             BY:  MR. JAMES G. GILLINGHAM
                               One South Wacker Drive
19                             Suite 2500
                               Chicago, Illinois 60606
20

21

22                       Mary M. Hacker
                      Official Court Reporter
23                 United States District Court
             219 South Dearborn Street, Suite 1212
24                   Chicago, Illinois  60604
                   Telephone:  (312) 435-5564
25
</pre>

**Exhibit A**

1    THE CLERK:  10 C 6034, Stopka versus American

2  Family.

3    MR. GILLINGHAM:  Good morning, your Honor.  James

4  Gillingham on behalf of American Family.

5    THE COURT:  Good morning, Mr. Gillingham.

6    MR. HENNESSY:  Good morning, your Honor.

7  Christopher Hennessy on behalf of the plaintiffs.

8    THE COURT:  Good morning, Mr. Hennessy.

9    This is defendant's motion to extend the discovery

10  deadline and a motion to compel -- plaintiffs' motion to

11  compel.

12    What about the motion to compel, Counsel?

13    MR. HENNESSY:  That's his motion, your Honor.

14    THE COURT:  I know.  I'm asking you --

15    MR. GILLINGHAM:  The motion to compel, your Honor,

16  there's two aspects to it.  First, regarding the depositions

17  of Mr. Praxmarer and Mr. Mason, American Family doesn't

18  object to the plaintiffs having the opportunity to take those

19  depositions.

20    THE COURT:  All right.  I will order you to depose

21  those people within 14 days.

22    What's the other component?

23    MR. GILLINGHAM:  The other aspect is the plaintiffs

24  have issued notice for two depositions, one of a Ms. Susan

25  Kinate, who is a supervisor of kind of the main player of

1  American Family in this case, and also a 30(b)(6) notice of

2  American Family with -- and counsel can correct me if I

3  misstate this -- basically issues surrounding Mr. Hayes'

4  termination.

5  Mr. Hayes was the adjuster on this case, that case

6  involving a house fire that American Family was working, paid

7  most of its policy to remediate. About two-and-a-half years

8  after the fire Mr. Hayes was terminated.

9  We believe that this issue --

10  THE COURT: Counsel, what's the relevance of this?

11  What might this lead to that would be relevant?

12  MR. HENNESSY: We learned for the first time in the

13  deposition of Mr. Hayes' manager that Mr. Hayes was

14  terminated for violating company policies with respect to the

15  handling of claims.

16  THE COURT: I see.

17  And it's your concern that perhaps this may have

18  extended back to the time when this claim was before Mr. --

19  MR. HENNESSY: That's correct. Particularly when

20  the deposition -- when the policies were described as being

21  very similar to the conduct he engaged in.

22  THE COURT: I will order you to produce those two

23  witnesses within 14 days as well.

24  Now, there's also a motion to extend the discovery

25  deadline. What time period are you suggesting?

1   MR. GILLINGHAM:  Your Honor, I believe that we were

2   looking for about 21 days, and asking if we could also have

3   the motions for summary judgment --

4   THE COURT:  No.

5   MR. GILLINGHAM:  Okay.

6   THE COURT:  You have got a trial date that will

7   interfere with the motion for summary judgment.  That would

8   be contrary to the standing order I have and really

9   counterproductive.

10  I think there's been several other extensions of

11  discovery, have there not?

12  MR. HENNESSY:  I believe -- there have been no

13  extensions of discovery, actually, your Honor.

14  And assuming -- I mean, counsel's motion did ask

15  for 21 days.  Your Honor has ordered that these four

16  depositions take place in the next 14 days.  So --

17  THE COURT:  Let's do this:  Let's put it over for

18  21 days for status and see where you are in discovery.

19  I have no objection to extending the discovery

20  period.  When is the trial date?

21  MR. HENNESSY:  June 18th.

22  THE COURT:  We can extend the discovery date to

23  four or five weeks before trial, but to submit summary

24  judgment motions on the eve of trial is just not effective.

25  MR. GILLINGHAM:  Your Honor, we were just looking

1   to extend the summary judgment deadline to I believe the
2   middle of February.  At that point --
3           THE COURT:  Well, you might not have all the
4   discovery completed.
5           MR. GILLINGHAM:  Your Honor, I understand.
6           THE COURT:  So why don't we do this:  Why don't we
7   extend the discovery for 60 days.  What would be, Mel?
8           THE CLERK:  March 27th.
9           THE COURT:  And all other dates will remain in
10  effect.
11          MR. HENNESSY:  Then should we return in 21 days for
12  status?
13          THE COURT:  No, you don't have to do that.
14          But the standing order regarding the time for
15  filing dispositive motions shall remain in effect.  Okay?
16          MR. HENNESSY:  Okay.
17          MR. GILLINGHAM:  Thank you, your Honor.
18          MR. HENNESSY:  Thank you, your Honor.
19          THE COURT:  You're welcome.
20      (Which were all the proceedings heard.)
21
22
23
24
25

1

# CERTIFICATE

2     I certify that the foregoing is a correct transcript

3 from the record of proceedings in the above-entitled matter.

4

5     /s/ *Mary M. Hacker*                    *January 27, 2012*

6 _____          _____

7 Mary M. Hacker                            Date
  Official Court Reporter

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25