

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | Darrah |
|---|---|---|---|
| **CASE NUMBER** | 10-cv-6034 | **DATE** | 6/7/12 |
| **CASE TITLE** | Stopka, et al. v. American Family Insurance Co., Inc. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Motion for Sanctions [120] is denied.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiffs, Michael Stopka, Marilyn Stopka, and Chateau Arlington, LLC ("Plaintiffs"), have filed a Motion for Sanctions, arguing for sanctions against Defendant American Family Mutual Insurance Company, Inc. ("American Family"), pursuant to Federal Rule of Civil Procedure 37. Plaintiffs seek sanctions against American Family for its "repeated and intentional failures with respect to document disclosures in discovery," which relate to Plaintiffs' attempt to depose Rule 30(b)(6) witnesses regarding the circumstances of Gerry Hayes' employment termination. (Mot. at 10.) Plaintiffs request that they be allowed to re-depose Susan Kinate with American Family to pay Plaintiffs' attorneys' fees and costs associated with that deposition; that American Family be ordered to re-produce Mike Mordini for deposition; and that American Family pay Plaintiffs' attorneys' fees associated with Plaintiffs' Second and Third Motions to Compel, Motion for Protective Order, and the instant Motion for Sanctions. A jury trial is firmly set in this case for June 18, 2012, and Plaintiffs' motion to continue the trial date has been denied.

Courts have discretion in determining whether to impose sanctions for discovery violations. *See Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). The Seventh Circuit has instructed that "[a]lthough there is no requirement that the district court select the 'least drastic' sanction, district courts should only impose sanctions that are 'proportionate to the circumstances surrounding a party's failure to comply with discovery rules.'" *Rice v. City of Chicago*, 333 F.3d 780, 784 (7th Cir. 2003) (quoting *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir. 1996)). Federal Rule of Civil Procedure 37(b)(2)(A) provides that a court may impose sanctions on a party who fails to obey a discovery order, including striking pleadings in whole or in part, staying further proceedings until the order is obeyed, dismissing the action in whole or in part, directing that the matters addressed in the order be taken as established for purposes of the action, prohibiting the disobedient party from supporting or opposing designated claims or defenses, rendering a default judgment, and treating the party's failure to comply as a contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Further, pursuant to Rule 37(b)(2)(C), a court must order the disobedient party, its attorney, or both to pay the reasonable expenses, including attorney's fees, caused by the failure "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

## STATEMENT

To date, Plaintiffs have filed three motions to compel: the first two motions were granted in part and denied in part, and the third motion was granted by Magistrate Judge Ashman. (Dkt. Nos. 62, 78, 84.) Plaintiffs' request for discovery sanctions against American Family, in conjunction with their second motion to compel, was denied. (Dkt. No. 78.) Plaintiffs also filed a motion for protective order, which was rendered moot when the parties entered an agreed protective order. (Dkt. No. 92.) Plaintiffs argue that American Family's present discovery abuses violate Judge Ashman's orders regarding Plaintiffs' second and third motions to compel. Plaintiffs' second motion to compel related to American Family's search for Electronically Stored Information ("ESI") and Tina Basch's Rule 30(b)(6) deposition. Plaintiffs' third motion to compel related to depositions of Hayes, Kinate, and third-party depositions.

With respect to Kinate's deposition, Plaintiffs argue that several days after they deposed Kinate on February 28, 2012, American Family produced additional relevant records, including performance evaluations of Hayes completed by Kinate. Now, almost two months later, Plaintiffs argue that they are entitled to re-depose Kinate based on documents Plaintiffs were aware of *days* after Kinate's deposition. The immediate days following Kinate's deposition was the proper time to object to American Family's conduct, not three weeks before trial is to commence. Given Plaintiffs' failure to file a Rule 37 motion to compel relating to American Family's conduct at the time, Plaintiffs cannot now show they are prejudiced by American Family's conduct.

With respect to Mordini's deposition, Plaintiffs argue that American Family produced relevant documents on May 22, 2012, the day before Mordini's deposition was to take place on May 23, 2012. Plaintiffs argue that because they identified gaps in American Family's document production (which consisted of three missing pages) and questioned why these documents were not produced pursuant to this Court's 2/14/12 Order, they decided not to proceed with Mordini's deposition. On the morning of May 23, 2012, American Family produced documents to supplement its May 22, 2012 production.

Plaintiffs' decision to not take Mordini's deposition was unreasonable under the circumstances. American Family produced only two documents on May 22, 2012, consisting of a total of 35 pages. (Resp. at 9.) On May 23, 2012, American Family supplemented their production with one new document and the three pages that were missing from its May 22, 2012 production. Plaintiffs have not shown that taking Mordini's deposition as scheduled, before the close of discovery, was not possible.

Accordingly, Plaintiffs have not demonstrated that Rule 37 sanctions is appropriate in this case. Plaintiffs' Motion for Sanctions [120] is denied.